## Snowden *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Sudden halt and start of car—Passenger—Evidence—Case for jury.*

In an action against a street railway company to recover damages for death of a woman passenger, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where there is testimony tending to show that as the car on which the deceased was riding, approached a regular stopping place and was running very slowly, it was suddenly halted and then suddenly started forward on a curve, throwing the deceased from the body of the car where she was standing onto the platform and from the platform to the street.

Argued March 18, 1912. Appeal, No. 365, Jan. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., Sep. T., 1908, No. 960, on verdict for plaintiffs in case of Frances Isabel Snowden, et al., v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's mother. Before MAGILL, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant and in refusing defendant's motion for judgment n. o. v.

*Sydney Young,* for appellant.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellees.

PER CURIAM, April 8, 1912:

This action was by children to recover the loss occasioned by the death of their mother, alleged to have been caused by the negligent operation of the defendant's car. The only question raised by the assignments of error is whether the case should have been withdrawn from the jury. There was testimony tending to show that as the car approached a regular stopping place, and was running very slowly, it was suddenly halted and then suddenly started forward on a curve, throwing the deceased to the platform and from the platform to the street. The pivotal question of fact was whether she was standing within the body of the car or had stepped from the front doorway to the platform. This question was submitted to the jury with the clear and distinct instruction that if she had stepped to the platform while the car was in motion there could be no recovery. Since there was testimony that would justify a finding that she was standing within the body of the car and was thrown from her position by a violent and unusual motion of the car, the case was for the jury.

The judgment is affirmed.